**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
ERIC M. WOODRUFF,                                          :
                                                           :
                                 **Plaintiff,**            :
                                                           :     **09 CV 1709 (HB)**
                    - against -                            :
                                                           :     **OPINION &**
                                                           :     **ORDER**
NATIONAL RAILROAD PASSENGER CORP.,                         :
a/k/a Amtrak                                               :
                                                           :
                                 **Defendant.**            :
                                                           :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      Plaintiff Eric M. Woodruff ("Plaintiff" or "Woodruff") proceeding *pro se*, brings suit against his former employer, Defendant National Railroad Passenger Corporation (also known as Amtrak) ("Defendant" or "Amtrak") alleging claims of disability-related discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). Defendant moved to dismiss this case for failure to state a claim, Fed. R. Civ. P. 12(b)(6), on statute of limitations grounds. For the reasons that follow, Defendant's motion is granted and the complaint is dismissed.

## BACKGROUND

      Plaintiff is a former employee of Amtrak. He alleges that the Defendant's discriminatory acts occurred on or around February 8, 2005. The gravamen of Woodruff's Complaint[1] is that he was terminated for allegedly claiming to have worked on February 8, 2005 when in fact he did not, based on the company's time-clock records. *See* Am. Compl. at 2-3. Woodruff claims that the time-clock issue was due to improper training and not because he was deliberately trying to get credit for working while absent. He believes that the real reason he was terminated is due to work-related injuries, in particular a back-injury that he suffered. *See* Am. Compl. at 3. On May 12, 2005, Defendant terminated Woodruff for allegedly violating company rules against

---

[1] Woodruff's Amended Complaint is not particularly clear, making it difficult to understand his allegations. The claim was clarified to some degree by Plaintiff at the Rule 16 Pretrial Conference, held on May 29, 2009.

"conduct that adversely affects the performance of their duties" and dishonesty.  *See* Decl. of Jason C. Astle, Exhibit B (Woodruff Termination Letter, dated May 12, 2005) ("Termination Letter").  Woodruff claims he filed suit with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") on December 18, 2007, and received a "right-to-sue" letter from the EEOC on June 12, 2008.  *See* Am. Compl. at 3-4.  He instituted the present action before this Court on February 23, 2009.

**DISCUSSION**

Standard of Review

On a motion to dismiss, a court should assume the veracity of well-pleaded factual allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks, citations, and alterations omitted).  A plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The Court is mindful, however, that since Plaintiff appears *pro se*, it is "required . . . to give [Plaintiff] substantial leeway."  *See Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992). The Second Circuit has instructed that "a party appearing without counsel is afforded extra leeway in meeting the procedural rules of litigation," and "courts should not allow a pro se litigant's rights to be impaired by harsh application of technical rules."  *Sims v. Blot*, 534 F.3d 117, 133 (2d Cir. 2008) (internal quotations and citations omitted).

Statute of limitations

Defendant moves to dismiss for failure to bring a timely claim, because Plaintiff allegedly failed to bring his administrative action within the statutory period required by the Americans with Disabilities Act.  Under the ADA, a claim must be filed with the EEOC within 180 days, and within 300 days if the party elects to file with a relevant state agency.  *See* 42 U.S.C. § 2000e-5(e)(1) (establishing 180/300 day requirement); 42 U.S.C. § 12117(a) (incorporating §2000e-5 into the ADA); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536

U.S. 101, 109-10 (2002) ("A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it.").  The relatively short time-frame was chosen by Congress "to encourage the prompt processing of all charges of employment discrimination."  *Morgan*, 536 U.S. at 109 (internal quotations omitted).  In addition, any suit for discrimination under the ADA must be filed within 90 days of receipt of a "Right to Sue" letter issued by the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1) and 12117(a).  Defendant claims that Woodruff missed both the 300 day and 90 day filing deadlines.

A discrete retaliatory or discriminatory act occurs on the day that it actually happened, *Morgan*, 536 U.S. at 110, and accrues for statute of limitation purposes when the individual knows or should have known of the injury.  *See Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).  It is not clear from the Amended Complaint whether Woodruff filed his discrimination claim with the EEOC, the NYSDHR, or both.  Since the Amended Complaint alleges that the discriminatory act occurred on February 8, 2005, and that he filed his administrative complaint over two years later on December 18, 2007, the distinction is irrelevant since Plaintiff is well-outside both the 180 and 300 day windows.  This, however, is not the only allegation of discriminatory conduct.

Looking more closely at the Amended Complaint, Plaintiff also claims that the discriminatory conduct includes (1) his termination (2) Amtrak's failure to accommodate his disability (3) unequal terms and conditions of employment which were not specifically described and (4) a likewise factually unadorned claim of retaliation.  *See* Am. Compl at 2-3.  Of the four claims, termination would be the last-in-time.  *See Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 134 (2d Cir. 2003) (noting that "termination" is an example of a discrete discriminatory act).  Yet treating his termination as the discriminatory act still leaves his claim time-barred, since he was terminated on May 12, 2005.  Woodruff also cannot extend the accrual date on the ground that the failure to reinstate him was a continuing violation.  *See, e.g., Pilman v. New York City Housing Authority*, 214 F. Supp. 2d 325, 328 (S.D.N.Y. 2002) (holding that plaintiff's termination "did not establish a continuing violation extending the limitations period" because termination, not failure to reinstate, is the discriminatory act, and collecting cases in support).

Woodruff presents one further response to Defendant's statute of limitations argument.  In a surreply letter submitted on August 10, 2009 and which the Court accepted from the *pro se*

plaintiff, he listed what he perceived to be the chronology of events leading up to this suit.[2] Woodruff states that he participated in a hearing "on behalf of the 'United Transportation Union'" related to his termination, and that he was "officially classified as being on suspension" until February 6, 2007 when he "received the verdict from the 'Public Law Board,' which denied [his] claim resulting in [his] termination." *See* Letter from Eric M. Woodruff (undated)(on file with Court).  I take Plaintiff's allegations to mean that, following his notification of termination, he challenged the action by filing a grievance with his union.  This claim raises two arguments related to the statute of limitations period: (1) the accrual date is February 6, 2007 because he was not terminated until the "verdict" from the Public Law Board or (2) the statutory period was tolled during the grievance process.  Both of these arguments have been foreclosed by the Supreme Court. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980).  The *Ricks* Court found neither argument persuasive: the grievance procedure "is a remedy for a prior decision" and therefore not the date in which the person was terminated, and "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." *Id.*; *see also Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993) (grievance proceeding under Railway Labor Act does not toll statute of limitations of discrimination claim).  Even if I were to consider these arguments, Plaintiff's claim must fail because February 6, 2007 is still more than 300 days before he filed his complaint with the EEOC/NYSDHR.

A court may consider equitable doctrines such as tolling or estoppel in a discrimination case to save a claim that appears to be time-barred, but "they are to be applied sparingly." *see Morgan*, 536 U.S. at 113.  The facts of this case do not merit consideration of equitable tolling of the statutory period.  Equitable tolling is generally appropriate only where a party "(1) has acted with reasonable diligence during the time period []he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003).  Plaintiff  has shown neither.[3]

Breach of Contract

---

[2] I normally do not consider a surreply to a fully-briefed motion, *see, e.g. Braten v. Kaplan*, No. 07 civ. 8498, 2009 WL 614657, *2 n.1 (S.D.N.Y. Mar. 10, 2009), and only do so in this case to demonstrate that Plaintiff's claims are time-barred even when extending him the greatest possible leeway on a procedural violation.

[3] Defendant also alleges that Plaintiff failed to file his civil complaint within ninety days, as is also required by statute. *See Zerilli-Edelglass*, 333 F.3d at 77, 79.  Since Plaintiff's claims are time-barred by the 300 day statute of limitation, I need not decide this additional statute of limitations argument.

Plaintiff's opposition to Defendant's motion to dismiss appeared to re-characterize a number of his allegations as sounding in breach of contract. For example, Woodruff claims that "as stated in the union contract" he made a reasonable effort to arrive at work on time on February 8, 2005. Even if Plaintiff's action could be construed as a breach of contract claim rather than a disability discrimination claim, it would still need to be dismissed. Plaintiff's collective bargaining contract (the "union contract") is governed by the Railway Labor Act, 45 U.S.C. §§ 151, *et seq*. ("RLA."). Contract disputes governed by a collective bargaining agreement between a union and a railroad must be submitted to arbitration under the RLA. Since this is considered a "minor" dispute as it is based on an interpretation of an existing contract, the arbitration procedures are "mandatory and provide the exclusive forum for the resolution of grievances and for the interpretation of contracts under [the RLA]." *Baylis v. Marriot Corp.*, 843 F.2d 658, 662 (2d Cir. 1988); *see also Consolidated Rail Corp. v. Railway Labor Execs. Assoc.*, 491 U.S. 299, 310 (1989) (describing difference between "major" and "minor" contract disputes).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Woodruff's claims as time-barred is GRANTED. The Clerk the Court is instructed to close this case and remove it from my docket.

SO ORDERED
December ___ , 2009
New York, New York

U.S.D.J.

5